IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAROLD LOYLD ROBERTS, JR.,

    Plaintiff,

v.                                              Civil Action No. 5:14CV28
                                                                    (STAMP)
JIM RUBENSTEIN, Commissioner of Corrections,
CHERYL BURKS, R.N., HSA (Administrator) and
MARY WESTFALL, Director of Risk Management,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff filed a civil rights claim, pursuant to 42 U.S.C. § 1983, against the defendants. The plaintiff believes that he was denied necessary medical treatment concerning his hip and stomach conditions. The plaintiff, a 61 year old male, has allegedly been seeking medical attention for those conditions. He indicates that he has filed several grievances. Regarding his stomach, he claims that he suffers from extreme gas, and may have a form of gall bladder disease. As to his hip, he claims that he suffers from pain and numbness in his legs. The record indicates, however, that he has received certain treatments and had appointments for those ailments. The plaintiff still argues,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

however, that his condition is worsening, and needs more medical attention. For relief, he requests compensatory damages and injunctive relief.

Later, defendant Jim Rubenstein ("Rubenstein"), the Commissioner of Corrections, filed a motion to dismiss. ECF No. 11. In that motion, defendant Rubenstein argues that the plaintiff failed to adequately plead a deliberate indifference claim. In particular, defendant Rubenstein notes that the plaintiff has received medical attention, and that reasonable steps have been taken to ensure that the plaintiff continues to receive any necessary care. Further, defendant Rubenstein also argues that the plaintiff cannot find him liable under a theory of respondeat superior. To that claim, defendant Rubenstein argues that he neither practices medicine nor directly commands the medical staff regarding medical care for the plaintiff. For those reasons, defendant Rubenstein requests that his motion to dismiss be granted.

Following defendant Rubenstein's motion, the remaining defendants Cheryl Burks ("Burks") and Mary Westfall ("Westfall") filed their motion to dismiss. ECF No. 16. First, they argue that the plaintiff attempted to serve them himself, rather than through the Clerk's Office. Because of such allegedly insufficient service of process, they argue that the claims against them should be dismissed. Second, they assert that the plaintiff failed to

sufficiently plead his claim. As to defendant Westfall, she claims that she did not provide any medical care to the plaintiff, and that no policy exists so as to impose supervisory liability. Regarding defendant Burks, she argues that the plaintiff fails to name any specific allegations of improper medical care conducted by defendant Burks and thus, the claim against her should be dismissed. She notes that she does not prescribe prescriptions or administer treatments to the plaintiff. Finally, the defendants Burks and Westfall argue that the plaintiff failed to prove either a deliberate indifference claim or medical negligence claim.

After receiving notice of the defendants' motions under <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975), the plaintiff then responded. ECF No. 22. In that response, which the plaintiff labeled "reply," he argues that this Court should liberally review a <u>pro se</u> plaintiff's pleadings and filings. Next, the plaintiff asserts that he did state a valid claim, namely that the medical staff acted with deliberate indifference by denying him recommended treatments. Further, the plaintiff argues that he reasonably relied on the directions from the Clerk's Office concerning service of process and thus, any related mistakes should be overlooked. Finally, the plaintiff believes that although he did not provide expert testimony for his medical malpractice claim, the common knowledge exception should apply. In addition to filing a response, the plaintiff also filed a motion for injunctive

relief. ECF No. 21. In that motion, the plaintiff requests that the medical staff perform recommended procedures on him. Defendant Rubenstein and defendant Burks responded to that motion, arguing that the plaintiff failed to satisfy the legal standard for granting injunctive relief. ECF Nos. 23 and 24, respectively.

United States Magistrate Judge Robert W. Trumble then entered a report and recommendation finding that (1) the defendants' motions to dismiss should be granted, (2) the plaintiff's complaint be dismissed with prejudice, and (3) the plaintiff's motion for injunctive relief be denied. Regarding the plaintiff's claims against defendant Rubenstein, the magistrate judge found that wardens, like defendant Rubenstein, are permitted to rely on the opinions of medical staff regarding the proper care of inmates. Because defendant Rubenstein relied on the medical staff's opinions, he is not liable for their alleged actions or inactions. Further, the magistrate judge determined that the plaintiff failed to assert any personal involvement by defendant Rubenstein so as to pursue a § 1983 claim against him. As to defendant Westfall, the magistrate judge found that she had no personal involvement in the plaintiff's medical care, and instead maintained a supervisory role. Concerning defendant Burks, the magistrate judge determined that an insufficient connection existed between her actions and the plaintiff's allegations of harm. In addition, the magistrate judge also found that the plaintiff failed to show that the defendants

acted with deliberate indifference. Rather, the magistrate judge noted that the plaintiff received care for his medical needs. As to the plaintiff's medical negligence claim, the magistrate judge found that the plaintiff neither provided expert testimony about the applicable standard of care nor satisfied the statutory prerequisites for suing a healthcare provider, as required under West Virginia law. Concerning the improper service of process, the magistrate judge determined that the plaintiff violated Federal Rule of Civil Procedure 4(c)(2) by personally serving the defendants by mail. Finally, as to any of the plaintiff's allegations about untimely responses, the magistrate judge discredited that argument based on the dates of the filings. For those reasons, the magistrate judge recommends the following: (1) that the defendants' motions to dismiss be granted; (2) the plaintiff's complaint be denied and dismissed with prejudice; and (3) that the plaintiff's motion for injunctive relief be denied as moot. For the reasons described below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28

U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. <u>Discussion</u>

A. <u>Deliberate Indifference and Medical Negligence</u>

As stated earlier, the plaintiff contends that the defendants acted with deliberate indifference to his serious medical needs. In order to state a claim under the Eight Amendment for ineffective medical assistance, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when a physician has diagnosed that condition as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

6

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the United States Court of Appeals for the Fourth Circuit held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

After reviewing the record, this Court "is not left with the definite and firm conviction" that the magistrate judge made errors concerning the plaintiff's deliberate indifference claim. Regarding defendant Rubenstein, non-medical supervisory personnel, like defendant Rubenstein, may rely on the opinion of medical staff about proper medical care for inmates. Miltier, 896 F.2d at 855. Therefore, because he relied on the opinion of the medical staff, defendant Rubenstein is not liable for the medical care administered to the plaintiff. Furthermore, the facts do not show any personal involvement by defendant Rubenstein in the procedures

7

or medical care of the plaintiff. As stated in <u>Zatler v. Wainwright</u>, a § 1983 claim requires "proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." 802 F.2d 397, 401 (11th Cir. 1986). Such a connection can be proven by showing that the official was "personally involved in the acts that resulted in the constitutional deprivation." <u>Id.</u> Instead, the plaintiff only alleges that defendant Rubenstein was deliberately indifferent to his medical needs when he denied the plaintiff's grievance appeal. That act alone is an insufficient connection. Therefore, the plaintiff fails to state a claim against defendant Rubenstein.

As to defendant Westfall, the Court agrees that the plaintiff fails to allege her personal involvement in his medical care. Rather, defendant Westfall serves as the Director of Risk Management, and thus had no personal involvement in the medical care and decisions for the plaintiff. The plaintiff again fails to demonstrate the necessary causal connection for his claim. Concerning the findings about defendant Burks, this Court also finds no clear error exists. Similar to the situation of the other defendants, defendant Burks maintains only a supervisory position, in that she can neither prescribe prescriptions nor administer treatments. Insufficient facts exist to show that she actually administered any of the plaintiff's medical care. It should be noted that the plaintiff did receive numerous treatments, including

diagnostic tests, x-rays, and various scans. As one court stated, "though it is plain that an inmate deserves <u>adequate</u> medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy." <u>United States v. DeCologero</u>, 821 F.2d 39, 42 (1st Cir. 1987) (emphasis in original). That standard of adequate medical care appears to have been met. Therefore, the magistrate judge's findings concerning the plaintiff's deliberate indifference claim are upheld.

In addition to his deliberate indifference claim, the plaintiff appears to also assert a claim for medical negligence. Under West Virginia law, a plaintiff must establish the following:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
> (2) Such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3 (2014). In addition to meeting those two elements, "it is a general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses." <u>Banfi v. Am. Hosp. for Rehabilitation</u>, 529 S.E.2d 600, 605 (W. Va. 2000) (internal citations omitted). Furthermore, compliance with West Virginia Code § 55-7B-6, which lists certain prerequisites for suing a healthcare provider, is mandatory. <u>See, e.g.</u>, <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 807 (N.D. W. Va. 2004). The record shows that the plaintiff

has not complied with the above requirements.  In addition to that
noncompliance, the plaintiff has neither asserted nor established
the standard of care applicable to his medical conditions.  As the
magistrate judge correctly pointed out, the treatment that the
medical staff administered to the plaintiff does not fall under the
common knowledge exception.  See W. Va. Code § 55-7B-6(c) (2014).
Therefore, this Court finds no clear error in the magistrate
judge's findings and thus, those findings are upheld.

B.   Service of Process

As stated earlier, the defendants point out that the plaintiff
improperly served them.  In particular, the plaintiff attempted to
personally serve the defendants.  The plaintiff, however, argues
that he believed that he complied with the instructions from the
Clerk's Office.

Rule 4 of the Federal Rules of Civil Procedure provides, in
pertinent part, that service of process may be effected by "[a]ny
person who is at least 18 years old and not a party[.]"  Fed. R.
Civ. P. 4(c)(2) (emphasis added).  Further, Rule 4(m) requires that
a defendant be served within 120 days after the plaintiff files the
complaint or else the Court "must dismiss the action without
prejudice against that defendant," absent good cause shown by the
plaintiff.

Here, the plaintiff clearly did not comply with the
requirements set forth in Rule 4.  The plaintiff filed this civil

action on February 25, 2014. Thereafter, the plaintiff attempted to effect service of process himself in March 2014. See ECF Nos. 9 and 10. Under Rule 4, the plaintiff would have had until June 25, 2014 to properly serve the defendants, which the record shows did not occur. Further, the plaintiff has not shown good cause so as to excuse this deficiency. As one court stated, "[i]gnorance [regarding Rule 4] may be an explanation but it is not an excuse." Tuke v. United States, 76 F.3d 155 (7th Cir. 1996). The plaintiff's deficient service of process and lack of good cause demonstrate an additional reason for dismissal of this civil action. After analyzing the filings and the facts, this Court finds no clear error in the magistrate judge's findings concerning the plaintiff's deficient service of process. Accordingly, the findings are upheld.

C. Defendants' Untimely Responses

In his response in opposition to the defendants' motions, the plaintiff claims that the defendants did not timely respond to his complaint. In particular, the plaintiff argues that he did not receive their dispositive motions until 23 days after he served them.

Rule 5 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] paper is served under [Rule 5] by . . . mailing it to the person's last known address -- in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Under the facts of this case, defendant Rubenstein filed and mailed his dispositive motion on March 26, 2014. That was 15 days after receiving the summons and complaint on March 11, 2014. As to defendants Burks and Westfall, the record shows that they filed and mailed their dispositive motion on April 1, 2014, which was 21 days after the plaintiff attempted to serve them. See ECF Nos. 9-11, and 16. The plaintiff's argument that the defendants' dispositive motions are untimely lacks any merit. Despite the fact that the plaintiff received his copies 23 days later, Rule 5 clearly provides that service is "complete upon mailing." Therefore, the magistrate judge's findings are upheld.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Therefore, the defendants' motions to dismiss (ECF Nos. 11 and 16) are GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE. Further, the plaintiff's motion for injunctive relief (ECF No. 21) is DENIED AS MOOT.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 18, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE